IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. DAUGHERTY and LABMD, INC., | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 17-368<br>) Judge Marilyn J. Horan<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) |
| TIVERSA HOLDING CORP., ROBERT J. BOBACK, REED SMITH LLP, JARROD D. SHAW, CLARK HILL PLC, and ROBERT J. RIDGE, | ) Re: ECF Nos. 261, 264, 267, 270, 272,<br>) and 274<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION and ORDER

This case was originally referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges. On November 15, 2019, the Magistrate Judge issued a Report and Recommendation, ECF No. 294, recommending that the Court grant six motions to dismiss filed by Defendants (ECF Nos. 261, 264, 267, 270, 272, and 274), and that the case be dismissed with prejudice. The parties were informed that written objections to the Report and Recommendation were due by November 29, 2019, which deadline was extended to December 16, 2019. Plaintiffs filed timely written objections, and Defendants filed Responses to the objections.[1] On January 23, 2020, Plaintiffs filed a Reply to Defendants'

---

[1] Responses were filed by Pepper Hamilton LLP (ECF No. 298), Tiversa Holding Corp. (ECF No. 299), individual Defendants Joel P. Adams, David J. Becker, Anju S. Chopra, Wesley K. Clark, Sam P. Hopkins, Daniel J. Kopchak, Larry Ponemon, Howard Schmidt, Keith E. Tagliaferri, and Brian J. Tarquinio (ECF No. 300); Morgan, Lewis and Bockius LLP and Eric D. Kline (ECF No. 301); M. Eric Johnson and Trustees of Dartmouth College (ECF No. 302); and Robert J. Boback (ECF No. 303).

Responses. ECF No. 306. For the reasons that follow, after *de novo* review, the Court finds that Plaintiffs' objections do not undermine the recommendation of the Magistrate Judge. The Court will adopt the Report and Recommendation as the opinion of the Court, as supplemented herein, the Motions to Dismiss will be granted, and this case will be dismissed with prejudice.

I. **DISCUSSION**

The parties are thoroughly familiar with the extensive background of this action. The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In addition to objecting to the Magistrate Judge's Report and Recommendation for failing to apply the correct standard of review, Plaintiffs have articulated fifty-three Objections to the Magistrate Judge's Report and Recommendation. Initially, the Court finds no error in the Magistrate Judge's application of the standard of law. As for the specific Objections, they will be addressed under the following categories.

   A. **General Objections Applicable to the Report and Recommendation**

   **1. Failure to Cite a Case**

Plaintiffs object that in a list of related cases in footnote 2, the Magistrate Judge failed to reference *LabMD v. FTC*, N894 F.3d 1221 (11th Cir. 2018), an Opinion from the United States Court of Appeals for the Eleventh Circuit. (Objection 1). As many Defendants point out in their Responses, the outcome of the Eleventh Circuit case, in which none of the Defendants were parties, had no bearing on the factual and legal issues presently before the Magistrate Judge. Moreover, footnote 2 was merely a descriptive footnote in which the Magistrate Judge listed "additional cases" she was aware of that were not "relevant to the procedural history of this

action." Report and Recommendation, Nov. 15, 2019, ECF No. 294, at 14 n. 2. The Objection is overruled.

### 2. Implicit Dismissal of Claims filed in Georgia

Plaintiffs object that the Magistrate Judge erroneously rejected Plaintiffs' argument that the United States District Court for the Northern District of Georgia implicitly dismissed Counts III through XII of Plaintiffs' Complaint in that Court's Order transferring this case to this District. (Objections 2 and 3). The District Court in Georgia concluded that this action should be transferred to Pennsylvania. In the Georgia District Court Judge's Order transferring this action to this District, she expressly stated that she was not addressing or ruling on any pending Motions to Dismiss. All claims pending in the case were transferred to this District. No claims were "implicitly dismissed." The Objections are overruled.

### 3. Waiver of Opposition

Plaintiffs object to the Magistrate Judge's recommendation that Plaintiffs' waived opposition to Defendants' arguments where Plaintiffs failed to present an argument and instead relied on incorporating by reference arguments raised in prior briefing filed while the instant case was pending in Georgia and briefing filed in *LabMD v. Tiversa Holding Corp.*, No. 15-92 (W.D. Pa. Jan. 21, 2015). (Objection 4). Plaintiffs incorporated by reference twelve briefs filed in the instant case, Civil No. 17-368. Such briefs were rendered moot after the Georgia tribunal transferred this case to this District because Magistrate Judge Kelly denied the transferred Motions to Dismiss. Plaintiffs also attempt to incorporate by reference ten briefs filed in the above cited prior action filed in this District at Civil No. 15-92. Plaintiffs had ample opportunity to specifically address the actual arguments Defendants presented in these Motions to Dismiss but chose not to do so. The Court finds no error in the Magistrate Judge's ruling that Plaintiffs

attempt to incorporate hundreds of pages of historical and mooted briefing, filed in response to motions that have previously been decided or were rendered moot, is improper, unfairly prejudicial, and taxes the Court's resources. Therefore, the Court will accept the Magistrate Judge's recommendation that arguments not briefed by Plaintiffs in response to the pending Motions to Dismiss are deemed waived. The Plaintiffs' Objection is overruled.

### 4. Plaintiff Daugherty's Lack of Standing

Plaintiffs Object to the recommendation to dismiss Plaintiff Daugherty's RICO claims, asserted in Counts I through IV, because he lacks standing. (Objection 5). Plaintiffs raise essentially the same arguments raised in response to the Motions To Dismiss, and in any event, Plaintiffs have not set forth any factual averments to establish that Daugherty has suffered a legally sufficient direct individual injury separate from his role as Chief Executive Officer and sole shareholder of LabMD. The harms he purports to allege are indirect or derivative harms flowing from the harm to the corporation; and therefore, such are not the types of injuries that confer standing on Daugherty to assert an individual RICO claim. The Objection is overruled.

### B.    Objections to Dismissal on Statute of Limitations Grounds

Plaintiffs Object to the Magistrate Judge's recommendation to dismiss Counts I through X for failure to file said claims within the applicable statutes of limitations. (Objections 6-14, 39-41, and 51). The Magistrate Judge recommended dismissal of the following claims as time barred: Plaintiffs' Federal and Georgia State RICO claims (Counts I through IV), Plaintiffs' Computer Fraud and Abuse Act claim and Georgia's Computer Systems Protection Act claim (Counts V and VI), and Plaintiffs' common law tort claims (Counts VII through X).

The Magistrate Judge's comprehensive Report detailed the knowledge that Plaintiffs had at various times beginning in 2008, and it concluded that, at the latest, Plaintiffs knew of both

their injury and who caused it by January 2010. This present action was filed in 2016, which was well beyond the applicable statute of limitations for either a Federal or Georgia RICO claim. Plaintiffs continue to argue, as they did before the Magistrate Judge, that they were not fully aware of the underlying harmful conduct until 2014 when Richard Wallace, a former Tiversa employee, testified before the Federal Trade Commission.

In determining the applicable statute of limitations for a Federal RICO claim, the Untied States Supreme Court drew upon the rationale underlying the statute of limitations for a medical malpractice claim. *Rotella v. Wood*, 528 U.S. 549, 556 (2000). The statute of limitations for a medical malpractice claim begins to run when a plaintiff is "in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.* (citation and quotation omitted). The Supreme Court saw "no good reason for accepting a lesser degree of responsibility on the part of a RICO plaintiff." *Id.* Plaintiffs reliance on events that occurred in 2014 and in a prior lawsuit, are clearly not new and independent injuries; but rather, they are additional facts germane to the original injury, which was discovered no later than 2010. Accordingly, dismissal of Plaintiffs' RICO claims, as time barred, is warranted.

For the Federal and Georgia computer fraud claims, the statute of limitations is two-years and four-years, respectively. Said claims were filed by Plaintiffs in a prior case in 2011, based on the same underlying accusations; thus, because Plaintiffs were aware of the claims at least as late as 2011, the 2016 filing for said claims was untimely. With regard to the common law tort claims, regardless of whether a two- or four-year statute of limitations is applied, all such claims accrued no later than 2010 (some accrued in 2009 and 2008 with respect to certain parties). Therefore, the 2016 filed common law tort claims are time barred. There was no error in the Magistrate Judge's recommendation. Plaintiffs' Objections are overruled.

### C. Objections to Dismissal on Substantive Grounds

Plaintiffs also filed Objections to the recommendation to dismiss on substantive grounds, for: (i) Plaintiffs' Federal RICO claims in Counts I and II (Objections 15- 36); (ii) Plaintiffs' Georgia RICO claims in Counts III and IV (Objections 3, 7, 38, and 42-46); and (iii) Plaintiffs' State Law Tort Claims in Counts V through X. (Objections 47-50). The Magistrate Judge's Report thoroughly details the reasons why Plaintiff has failed to substantively support the above claims. Plaintiffs' Objections and argument in Reply do not undermine the Magistrate Judge's well-reasoned and comprehensive analysis, and her recommendation to dismiss said claims. Accordingly, Plaintiffs' Objections are overruled.

### D. Objection to Dismissal of Counts XI and XIII

Plaintiffs' Object to the recommendation to dismiss Plaintiffs' Common Law Conspiracy claim (Count XI) and their claim for Attorneys' Fees and Expenses (Count XII). (Objection 52). Plaintiffs' argument is predicated on the Court accepting Plaintiffs' objections regarding the viability of their Federal and State law claims, which the Court has rejected. Thus, the Objection is overruled, as Counts XI and XII are not viable, where the underlying claims are being dismissed.

### E. Objection to Recommendation to Dismiss with Prejudice

Finally, Plaintiffs Object to the recommendation to dismiss the Complaint with prejudice, without allowing Plaintiffs an opportunity to amend. (Objection 53). The Court agrees with the Magistrate Judge's conclusion that the factual averments do not present a basis for the existence of any viable legal claim and that the substantive claims are time barred. Therefore, permitting amendment would be futile, and thus this Objection is overruled.

## II. CONCLUSION

The Court accepts the Report and Recommendation, as supplemented herein. Accordingly, the following Order is hereby entered.

## ORDER

AND NOW, this 29th day of January, 2020, it is hereby ORDERED that the Report and Recommendation, ECF No. 294, dated November 15, 2019, is ADOPTED as the Opinion of this Court, as supplemented herein.

IT IS FURTHER ORDERED that, for the reasons set forth in the Report and Recommendation, as supplemented herein, Defendants' Motions to Dismiss (261, 264, 267, 270, 272, and 274) are GRANTED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

By the Court:

Marilyn J. Horan
United States District Judge

cc: Honorable Maureen P. Kelly
United States Magistrate Judge

All Counsel of Record Via CM-ECF